# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**KENNETH MITCHELL FONGERS**                                                      **PETITIONER**

No. 2:24-CV-00046 LPR/PSH

**C. GARRETT, Warden,**
**FCC-Forrest City**                                                                              **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

<u>BACKGROUND.</u>  In 2019, petitioner Kenneth Mitchell Fongers ("Fongers") entered a guilty plea in the United States District Court, Western District of Tennessee, to transportation of a minor to engage in a sexual act.  He was sentenced

1

to a 151-month term of imprisonment, to be followed by five years' supervised release. He is currently serving his sentence at the FCC-Forrest City, Arkansas. According to respondent Chad Garrett ("Garrett"), Fongers' projected release date, *which includes 365 days of programming credit under the First Step Act ("FSA")*, is March 9, 2028.  See Doc. No. 5 at 3; Doc. No. 1 at 42.

Fongers filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 12, 2024.  The petition is admittedly not a direct challenge to Fongers' conviction.  Rather, Fongers asks the Court "to order the Federal Bureau of Prisons (FBOP) to provide me my First Step Act (FSA) Conditional Release Date by calculating the maximum number of potential Federal Time Credits (FTCs) that I may earn during my sentence and use that conditional release date for planning my pre-release custody." Doc. No. 1 at 1.

Garrett moved to dismiss the petition, arguing the Court lacks subject matter jurisdiction because Fongers does not attack the validity of his sentence or its duration.  Doc. No. 5.  Garrett contends Fongers' petition advances a conditions-of-confinement claim rather than a cognizable habeas corpus claim.  Fongers responded to Garrett's motion to dismiss, insisting that a § 2241 petition is the proper means for presenting his claim because it is a challenge to the execution of his sentence. *See* Doc. No. 6 at 1.

2

On June 5, 2024, the Court entered an order according Fongers an opportunity to reply to the motion to dismiss to explain why the petition should not be dismissed for the reason advanced by Garrett. Doc. No. 7. Additionally, Fongers was informed of his option to consent to converting the case into a conditions-of-confinement case.[1] Fongers declined to consent to the conversion of the case. *See* Doc. No. 8 at 1.

THE FSA. The FSA was enacted into law on December 21, 2018, and provides an incentive for a prisoner's participation in evidence-based recidivism reduction programming, such as classes and productive activities. *See Stewart v. Snider*, No. 1:22-cv-00294-MHH-JHE, 2022 WL 2032305 (N.D.Ala. May 10, 2022), report and recommendation adopted, 1:22-cv-00294-MHH, 2022 WL 2019965 (N.D.Ala. June 6, 2022). The FSA enables a prisoner to acquire time credits, which are applied toward his prerelease custody or supervised release. See 18 U.S.C. 3632(d)(4)(C). The prisoner earns ten days of time credits for every thirty days he successfully participates in approved recidivism reduction programming. See 18 U.S.C. 3632(d)(4)(A)(i). A prisoner determined to be at a "minimum or low

---

[1] Where a *pro se* prisoner has improperly raised a "potentially viable" conditions-of-confinement claim in a habeas action, the Court must liberally construe the filing and "recharacterize [the] claim into the correct procedural vehicle" instead of dismissing for lack of jurisdiction. *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Before recharacterizing such a claim, however, the Court should "first obtain the consent of the *pro se* individual." *Id.*

risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." See 18 U.S.C. 3632(d)(4)(A)(ii).

Eligible federal prisoners sentenced to a term of supervised release following their term of imprisonment can earn up to 365 days of FTCs towards an early release to supervision. *See* 18 U.S.C. § 3624(g)(3). Any remaining FTCs are to be applied to eligibility for transfer to prerelease custody. Prerelease custody includes being placed in either home confinement or a residential reentry center. 18 U.S.C. § 3624(g)(2)(A)(B).

ANALYSIS. As stated, Fongers asks that the Court order the FBOP to calculate the maximum number of potential FTCs that he may earn during his sentence and use the conditional release date based on such calculation for planning his prerelease custody. The Court has no jurisdiction to consider his request because Fongers' request does not attack the validity of his sentence or the duration of his confinement.[2] *See, e.g., Spencer v. Haynes,* 774 F.3d 467, 469 (8th Cir. 2014)(writ

---

[2] On the other hand, a habeas petitioner's attack on the calculation of FSA time credits applicable to supervised release, as opposed to prerelease custody, would be an attack on the duration of his confinement. The Court notes, however, that in this case, the FBOP has already applied 365 credits toward Fongers' date of supervised release, which is the maximum that can be applied. *See* 18 U.S.C. § 3624(g)(3).

of habeas corpus not proper remedy where petitioner does not challenge validity of conviction or length of conviction); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)(per curiam)(when a habeas petitioner does not attack the validity of his sentence or the duration of his confinement, the district court lacks subject matter jurisdiction to enter a writ).

Fongers does not dispute that he has already earned 365 days of time credits to be applied toward early release to supervision.  Thus, any remaining days he has accrued or will accrue will be applied to the date of his transfer to a residential reentry center or home confinement, and not to shorten the length of his confinement. *See* 18 U.S.C. § 3632(d)(4)(C); 18 U.S.C. § 3624(g)(2)(A)(B).  The calculation urged by Fongers could, if successful, possibly impact the *location* where he might serve the final stages of his sentence, but the legality or duration of his sentence would not be altered.  And while habeas petitioners may attack the fact or duration of their confinement, they may not attack the place of their confinement.  *See Spencer v. Haynes* and *Kruger v. Erickson, supra*; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). *See also Wilson v. Rardin*, No. 23-cv-1653 PAM/ECW, 2024 WL 2222488, at *5-7 (D. Minn. April 15, 2024)(court without habeas jurisdiction; only relief sought was transfer to prerelease custody); *Wessels v. Houden*, No. 23-cv-1266

WMW/ECW, 2023 WL 7169154, at *1 (D. Minn. June 22, 2023) ("The Court has no habeas jurisdiction in this matter because the only relief that Wessels seeks is a transfer to prerelease custody."), report and recommendation adopted, 2023 WL 7168926 (D. Minn. Oct. 31, 2023); *Mack v. Segal*, No. 23-cv-1353 NEB/DLM, 2023 WL 4564377, at *2 (D. Minn. June 2, 2023) (claim that FSA credits should be applied towards prerelease custody does not attack the legality of detention, only the place of that detention; a writ of habeas corpus is not available remedy), report and recommendation adopted, 2023 WL 4561319 (D. Minn. July 16, 2023). For these reasons, Fongers' claim is not cognizable under § 2241 and the Court lacks jurisdiction to consider it.

## RECOMMENDATION

This Court recommends that defendant Garrett's motion to dismiss for lack of subject matter jurisdiction should be granted and the § 2241 petition for writ of habeas corpus should be dismissed without prejudice.

IT IS SO RECOMMENDED this 1st day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE